**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4145**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WAYNE EUGENE MCCULLOUGH,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-04-630)

───────────

Submitted: May 31, 2005          Decided: June 9, 2005

───────────

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wayne Eugene McCullough pled guilty without the benefit of a plea agreement to two counts of bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) (2000). At sentencing, the district court imposed a sentence of 51 months' imprisonment, treating the sentencing guidelines as mandatory. The court also imposed an alternate sentence "in accordance with the ruling of the Fourth Circuit Court of Appeals on August 2nd, 2004, and in the event the U.S. Sentencing Guidelines are found to be non-binding on the sentencing courts."[1] (Joint Appendix at 14). The court stated the alternate sentence was the same 51 months' imprisonment. On appeal, McCullough contends the sentence should be vacated and remanded because the court did not have the benefit of United States v. Booker, 125 S. Ct. 738 (2005), when it imposed an alternate sentence.[2] Because McCullough did not object at sentencing to the mandatory use of the sentencing guidelines, review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Finding no reversible error, we affirm.

However, the alternate sentence imposed by the district court treating the guidelines as advisory did not violate the Sixth

---

[1]The district court was citing the order issued in United States v. Hammoud, 378 F.3d 426 (4th Cir. 2004), opinion issued by, United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), cert. granted, judgment vacated, 125 S. Ct. 1051 (2005).

[2]McCullough does not challenge either of his convictions. He only raises the sentencing issue.

Amendment.  Booker, 125 S. Ct. at 769; see also Hughes, 401 F.3d at 553 (noting that treating the guidelines as mandatory is a separate Booker error).  McCullough argues the sentence was substantially swayed by the constraints of the mandatory sentencing guidelines.  He argues that resentencing is required despite the alternative sentence because it was imposed without benefit of Booker and Hughes.  McCullough further states there is no indication what sentence would have been imposed had the court exercised its discretion under § 3553(a) and treated the guidelines as advisory.

Booker states that, in reviewing sentences that do not involve a Sixth Amendment violation, appellate courts may apply the plain error and harmless error doctrine in determining whether resentencing is required.  Booker, 125 S. Ct. at 769; see Fed. R. Crim. P. 52(a) (appellate court may disregard any error that does not affect substantial rights).  The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203 (1992).  Here, because the district court imposed an alternative discretionary sentence pursuant to 18 U.S.C. § 3553, as authorized by Hammoud, that was identical to the guideline sentence, the error inherent in the application of the guidelines as mandatory did not affect the court's ultimate

determination of the sentence.  Because McCullough cannot show prejudice in using the guidelines as mandatory, there is no reversible error.

Accordingly, we affirm the convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>